IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAVIER REYES-OROZCO,#43781-177** § | | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-4884-K |
| | § | (3:11-CR-0352-K-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, the section 2255 motion is denied.

### I. BACKGROUND

In March 2013, pursuant to a plea agreement (with a binding sentence recommendation under FED. R. CRIM. P. 11(c)(1)(C) and an appellate-rights waiver), Petitioner pled guilty to possession with intent to distribute a controlled substance and was sentenced to 60 months imprisonment and a four-year term of supervised release. *See United States v. Reyes-Orozco*, 3:11-CR-0352-K-1 (N.D. Tex., Dallas Div., Mar. 6, 2013). On September 17, 2013, more than six months after entry of the judgment, Petitioner filed an untimely *pro se* notice of appeal and the Court denied the implied request for leave to file an out-of-time appeal. The Fifth Circuit Court of Appeals subsequently dismissed the appeal. *See United States v. Reyes-Orozco*, No. 13-11008 (5th Cir. Jan. 16, 2014).

In the four grounds raised in his timely section 2255 motion, Petitioner

asserts ineffective assistance of counsel during the plea proceedings, at sentencing, and regarding the filing of a notice of appeal. [Doc. 2 at 4]. The government argues the section 2255 motion lacks merit, and Petitioner has not filed a reply. [Doc. 6].

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis,* 273 F.3d 592, 595 (5th Cir. 2001).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To prove prejudice, in the context of a guilty

plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

## A. Guilty Plea (Claims 1 & 3)

Petitioner asserts ineffective assistance of counsel in connection with the plea proceedings. He contends his guilty plea was "unknowing and involuntary" due to counsel's failure "to properly advise[] [him of his] constitutional rights," specifically his "Boykin trial rights." [Doc. 2 at 4]. He also claims counsel did not inform him of "Rule 11 of the Federal Rules of Criminal Procedure" and did not ensure that there was "an adequate factual basis for his guilty plea." [Doc. 2 at 4, 7].

As the Government correctly notes, his claims are conclusory and should be summarily dismissed. Petitioner's bare assertion that counsel failed to advise him of this trial right and FED. R. CRIM. P. 11 is clearly vague and insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without any specific allegation explaining what counsel did or failed to do, Petitioner cannot raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011

(5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

Nevertheless, Petitioner's assertions are contradicted by the record and his admissions and testimony during the plea proceedings. Before Rearraignment, Petitioner signed a plea agreement, which summarized all his constitutional rights, including his right to a jury trial and to plead not guilty. [Crim. Doc. 34 at 1]. During the Rule 11 hearing, Petitioner also confirmed under oath that he understood he had the right to a speedy and public trial. [Crim. Doc. 57 at 4-5]. Petitioner acknowledged that by pleading guilty he was waiving all of his constitutional rights, including his right to a jury trial. [Crim. Doc. 57 at 5-6]. He also averred that the facts contained in the factual resume were correct. [Crim. Doc. 57 at 23-24].

A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d at 1110. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

In addition, the only conclusion supported by the record is that Petitioner's guilty plea was knowing and voluntary. *See United States v. Hernandez, 234 F.3d 252, 254 (5th Cir. 2000)* (to be constitutionally valid a guilty plea must be knowingly, voluntarily, and intelligently made). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington, 480 F.3d 309, 315 (5th Cir. 2007)*.

Here, Petitioner assured the Court under oath that he understood the indictment and the essential elements of the offense, and all the constitutional rights that he was waiving. [Crim. Doc. 57 at 5-6, 13-15]. He averred that he was fully satisfied with his counsel's representation, and that he understood the consequences of his guilty plea and the appellate-rights waiver. [Crim. Doc. 57 at 8, 15]. He also affirmed that no one had coerced or threatened him in any way to enter the plea, that no one had made any promises to cause him to enter into the plea agreement, and that he was pleading guilty freely and voluntarily. [Crim. Doc. 57 at 19].

Accordingly, the first claim is denied as speculative, conclusory, and meritless.

### B. Enhancement and Illegal Reentry (Claims 2 & 3)

Next Petitioner asserts counsel failed to object to a 16-level enhancement for an aggravated felony and to an illegal reentry charge. [Doc. 2 at 5, 7]. However, because he had no prior conviction, enhancement, or illegal reentry charge, counsel

was not required to make any objection. *See United States v. Preston, 209 F.3d 783, 785 (5th Cir. 2000)* ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). Thus, this claim fails.

### C. Denial of Appellate Review (Claim 4)

Lastly, Petitioner contends counsel failed "to file a timely notice of appeal." [Doc. 2 at 8]. However, he asserts neither that he requested counsel to pursue an appeal nor that counsel failed in any way to consult with him regarding an appeal. Defense counsel also acknowledged (in response to an order about Petitioner's untimely notice of appeal) that "[following sentencing [Petitioner] never indicated he wanted to appeal his sentence." *See* Appeal No. 13-11008, 11/19/2013.

A lawyer renders ineffective assistance of counsel when he disregards specific instructions from a defendant to file a notice of appeal. *See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)*. In the event of no specific instructions to appeal, as in this case, an attorney renders deficient performance when he fails to consult with the defendant about an appeal -- namely "advising [him] about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably

demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Here, Petitioner does not claim that he demonstrated to defense counsel that he was interested in appealing. *Cf. United States v. Pham*, 722 F.3d 320, 325 (5th Cir. 2013) (defendant's statement to counsel that he wanted to do "something to get less time" was sufficient notice to trigger counsel's duty to consult with him about an appeal). Further, this was not a case where a rational defendant would have wanted to appeal, especially in light of the favorable 60-month agreed sentence, which the Court imposed. Thus, even if counsel failed to consult with Petitioner regarding an appeal, counsel's performance did not breach any constitutional protected duty. Moreover, Petitioner has shown no prejudice, namely that he would have timely appealed but for counsel's deficient failure to consult with him. *See Flores-Ortega,* 528 U.S. at 484 (to establish prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.").

Therefore, Petitioner's last claim of ineffective assistance of counsel fails.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence under [28 U.S.C. § 2255](#) is **DENIED**.

SO ORDERED.

Signed November 10th, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE